IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.K., a minor by and through his parents and natural guardians, Thomas Kpakah and Esther Kpakah, <br> THOMAS KPAKAH and <br> ESTHER KAPKAH, in their own right, <br>          Plaintiffs, <br><br>          v. <br><br> CSX TRANSPORTATION, <br> RAYMOND WALSH and <br> MICHAEL L. DOYLE, SR., <br>          Defendants. | CIVIL ACTION <br><br><br><br> NO.  14-729 |

DuBOIS, J.                                                                                                        September 16, 2014

<u>M E M O R A N D U M</u>

**I.     INTRODUCTION**

This is a personal injury case. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This case was commenced on December 20, 2013 by plaintiffs — J.K., a minor, and his parents, Thomas and Esther Kpakah — against defendants — CSX Transportation, Inc. ("CSXT"), Raymond Lawrence Wash, and Michael L. Doyle — in the Court of Common Pleas of Philadelphia County, Pennsylvania. (Mem. Law Supp. Def.'s Mot. Set Aside Default J. ("Def.'s Mem. Law") 4.) Plaintiffs allege in the Complaint, <u>inter alia</u>, that J.K. sustained severe personal injuries after he was struck by a CSXT train at a grade crossing in Darby, Pennsylvania on July 9, 2013. (Compl. ¶¶ 10, 13.)

Presently before the Court are defendants' motions to vacate default judgments entered against them by the Court of Common Pleas of Philadelphia and to dismiss portions of plaintiffs' Complaint. For the reasons that follow, the Court grants defendants' Motion to Set Aside Default Judgment, and grants in part and denies in part defendants' Motion to Dismiss.

## II. BACKGROUND

On February 3, 2014, defendants timely filed a Notice of Removal in this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (Document No. 1.) That Notice was not docketed in this Court until late afternoon on February 4, 2014.[1] Also on February 4, 2014, just hours before the Notice was docketed in this Court, the Court of Common Pleas of Philadelphia entered three separate default judgments against defendants. (Def.'s Mem. Law 4, 6.)

## III. DISCUSSION

### A. MOTION TO VACATE DEFAULT JUDGMENTS

The Court first addresses defendants' Motion to Set Aside Default Judgment. Because the default judgments were entered before the state court was notified of the removal, the Court must address a preliminary question of when the process of removal to this Court was completed.[2]

#### 1. Removal to Federal Court

In order for a case to be properly removed to federal court, the removing defendants must first file a notice of removal in federal court. 28 U.S.C. § 1446(a). Defendants must then promptly give written notice to all adverse parties and file a copy of the notice of removal in the state court from which the case was removed. Id. § 1446(d).

---

[1] Defendants note that the delay in docketing was due to the fact that the Clerk's Office of this Court was closed on February 3, 2014 because of inclement weather. (Mem. Law Supp. Def.'s Mot. Set Aside Default J. ("Def.'s Mem. Law") 6.) Defendants assert that they did not notify the Court of Common Pleas of Philadelphia of the removal until February 5, 2014 because they had to wait for the Clerk's Office of this Court to assign a civil action number to the newly-removed case. (Id.)

[2] If the process of removal was completed before the Court of Common Pleas of Philadelphia entered the default judgments on February 4, 2014, the Court of Common Pleas would not have had jurisdiction to do so. See 28 U.S.C. § 1446(d) (providing that once the removal statute is satisfied, "the State court shall proceed no further unless and until the case is remanded").

2

The question of when removal is completed, i.e. when the state court is divested of jurisdiction, is not yet settled in the U.S. Court of Appeals for the Third Circuit. Westfield Ins. Co. v. Interline Brands, Inc., No. 12-6775, 2013 WL 1288194, at *2 n.1 (D.N.J. Mar. 25, 2013). This Court adopts the view that federal jurisdiction attaches as soon as a notice of removal is filed in federal court. See, e.g., Berberian v. Gibney, 514 F.2d 790, 792-93 (1st Cir. 1975). In the time period between the filing of this notice in federal court and full satisfaction of the requirements of 28 U.S.C. § 1446(d), both the state and federal courts have concurrent jurisdiction. See Resolution Trust Corp. v. Nernberg, 3 F.3d 62, 69 (3d Cir. 1993); Boyce v. St. Paul Fire & Marine Ins. Co., No. 92-6525, 1993 WL 21210, at *3 (E.D. Pa. Jan. 28, 1993). Accordingly, a default judgment entered by a state court after a notice of removal is filed in federal court, but before prompt notice is given to all adverse parties and the state court, is valid and must be treated as if it were entered in federal court. Pennsylvania Nat. Bank & Trust Co. v. Am. Home Assur. Co., 87 F.R.D. 152, 154 (E.D. Pa. 1980); Burroughs v. Palumbo, 871 F. Supp. 870, 872 (E.D. Va. 1994) (citing Butner v. Neustadter, 324 F.2d 783, 785 (9th Cir. 1963)).

   **2. Vacating of Default Judgments**

In this case, the three default judgments entered against defendants by the Court of Common Pleas of Philadelphia were entered in the interim period between the filing of the Notice of Removal in this Court and full satisfaction of the requirements of 28 U.S.C. § 1446(d). As a result, those judgments are valid and must be treated as if they were entered by this Court. Pennsylvania Nat. Bank, 87 F.R.D. at 154. For that reason, federal legal standards apply in determining whether to vacate the default judgments. Id.

Defendants argue that the default judgments should be vacated pursuant to Federal Rule of Civil Procedure Rule 60(b)(1), which allows vacatur in cases of "mistake, inadvertence,

3

surprise, or excusable neglect." In evaluating defendants' argument, the Court considers three factors: (1) whether defendants have a meritorious defense; (2) whether the default was the result of defendants' culpable conduct; and (3) whether plaintiffs will be prejudiced. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). This standard is construed liberally, and any "doubts should be resolved in favor of [a] petition to set aside [a default] judgment so that cases may be decided on their merits." Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976). Moreover, "the decision to vacate a default judgment is left to the sound discretion of the trial court." Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988).

### a. Meritorious Defense

With respect to the first factor, a defendant must allege specific facts that, if proven, would establish a meritorious defense to the claim asserted; a perfunctory statement that a meritorious defense exists is insufficient. Harad, 839 F.2d at 982; Pennsylvania Nat. Bank, 87 F.R.D. at 155. In this case, defendants have met their burden. In response to plaintiffs' claims that defendants acted negligently and/or recklessly in causing J.K.'s personal injuries, defendants assert that "[t]he gates at the crossing were lowered and the lights were indicating the presence of a crossing train and the train's horn was sounding. Nonetheless, Plaintiff unexpectedly and without warning ran in front of the CSXT train." (Def.'s Mem. Law 9.) If these facts are proven, defendants would have a meritorious defense to plaintiffs' claims based on the exercise of due care. Moreover, under Pennsylvania's comparative negligence statute, a plaintiff's negligence bars recovery when it is greater than that of the defendant. 42 Pa. Cons. Stat. Ann. § 7102. Although the Court expresses no view as to the merits, if defendants establish the above facts, the fact-finder could conclude that plaintiffs' claims are barred by the Pennsylvania comparative

negligence statute. Id. Defendants have therefore demonstrated the existence of a meritorious defense for purposes of Rule 60(b)(1).

### b. Culpable Conduct

Next, the Court considers whether the default judgments were a result of culpable conduct of defendants. $55,518.05 in U.S. Currency, 728 F.2d at 195. Defendants argue primarily that the defaults should be vacated because they never received effective service of process in the state court action or of ten days' notice of plaintiffs' intent to seek default judgments against them, which is required by Pennsylvania Rule of Civil Procedure 237.1. (Def.'s Reply Br. Supp. Mot. Set Aside Default J. 2–4.) Plaintiffs contend that service was made on all three defendants by leaving copies of the relevant legal papers with an "agent or person in charge" of a CSXT rail yard at 1600 Schuylkill Avenue, Philadelphia, Pennsylvania. (Pl.'s Mem. Law 1).[3] Plaintiffs did not attempt service through CSXT's registered agent for service of process in Erie, Pennsylvania, nor did they attempt personal service on Doyle and Wash, both of whom reside in Virginia. (Def.'s Mem. Law 5.)

Under Pennsylvania law, service on Doyle and Wash at the CSXT rail yard would have been proper only if they held a "proprietary interest" in CSXT. See Pa. R. Civ. P. 402(2)(iii) (allowing, inter alia, service to be made at "any office or usual place of business of [a] defendant"). That rule is inapplicable where, as in this case, it does not appear on the record that Doyle and Wash held any such interest in CSXT. See Johnson-Lloyd v. Vocational Rehab. Office, Pennsylvania Dep't of Labor & Indus., 813 F. Supp. 1120, 1125 (E.D. Pa. 1993) (service pursuant to Pa. R. Civ. P. 402(2)(iii) cannot be made "at a place where [a defendant] is merely an employee"). Thus, the Court concludes the attempted service on Doyle and Wash was improper.

---

[3] This office does not accept legal filings or complaints. (Def.'s Mot. Set Aside Default J., Ex. D ¶ 13.)

With respect to CSXT, as relevant here, service would have been proper only if service was made on "the manager, clerk or other person for the time being in charge of" the CSXT rail yard where service was attempted. Pa. R. Civ. P. 424(2). While service may be effectuated in a variety of ways under Pennsylvania law, in every case, "[a] return of service shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made." Pa. R. Civ. P. 405(b).

In this case, the affidavits of service of the initial lawsuit do not identify the person to whom the papers were given; the only information provided is by way of a checkbox stating that an "[a]gent or person in charge" was served on behalf of defendants. (Def.'s Mot. Set Aside Default J., Ex. B.) Similarly, plaintiffs' affidavits of service of ten days' notice of intent to seek default judgments do not shed any light as to how service of these notices was effectuated.[4] (Def.'s Mot. Set Aside Default J., Ex. C.) The Court therefore cannot conclude that proper service has been made on CSXT.[5] See Pa. R. Civ. P. 405(b); 424(2). Accordingly, because the Court cannot determine whether an "agent or person in charge" of the CSXT rail yard was in fact served, the Court finds that the default judgments were not entered as a result of any culpable conduct on behalf of defendants. See $55,518.05 in U.S. Currency, 728 F.2d at 195.

---

[4]   Defendants contend that plaintiffs' notices of intent to seek default judgments were not discovered at the CSXT rail yard until February 18, 2014. (Def.'s Mem. Law 5.)

[5]   This uncertainty, which could have been avoided had plaintiffs served CSXT's registered agent in Erie, Pennsylvania, is further underscored by the fact that plaintiffs attempted to serve defendants at a CSXT rail yard that does not accept legal complaints or filings. Plaintiffs argue in response that service was proper, and that defendants' failure to respond in state court was therefore culpable, because CSXT maintains an internal policy directing employees to deliver legal papers to the appropriate internal officials. (Pl.'s Mem. Law 3.) The Court rejects this argument.

6

### c. Prejudice

The Court further concludes that plaintiffs will not suffer prejudice as a result of vacating the default judgments. In determining whether a plaintiff will be prejudiced from setting aside a default judgment, courts consider factors such as "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 657 (3d Cir. 1982). The "fact that a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute prejudice." Choice Hotels Int'l, Inc. v. Pennave Associates, Inc., 192 F.R.D. 171, 174 (E.D. Pa. 2000).

Plaintiffs contend that they will be "severely prejudiced" if this Court were to set aside the default judgments because of the delay and additional expense and burden they will face in litigating liability. (Pl.'s Mem. Law 4–5.) The Court rejects this argument. There is no evidence, for instance, that available evidence was lost since entry of the defaults or that plaintiffs have substantially relied on the judgments. See Feliciano, 691 F.2d at 657. The potential for delay and the expense or burden of litigation is not peculiar to this case and, without more, does not constitute prejudice at this early stage of the case. See id. at 656–57. Thus, after considering all three factors, the Court concludes that defendants have met their burden of showing that the default judgments should be vacated pursuant to Rule 60(b)(1).

### B. MOTION TO DISMISS

The Court turns next to defendants' Motion to Dismiss.[6] Defendants argue first that plaintiffs' negligence claims based on alleged statutory violations, specifically paragraphs 12(i) and 16(k) of the Complaint, should be dismissed because plaintiffs do not identify the "pertinent

---

[6] As required in reviewing a motion to dismiss, the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the plaintiff." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231, 233 (3d Cir. 2008) (internal quotation marks omitted).

statutes, ordinances, regulations, and standards" that defendants are alleged to have violated. (Def.'s Mot. Dismiss 1–7.) Defendants further seek dismissal of Count IV of the Complaint, which alleges that defendants engaged in "reckless, wilful [sic], and wanton misconduct." (Id. 6–7.) For the reasons that follow, the Court grants defendants' Motion only insofar as it seeks dismissal of paragraphs 12(i) and 16(k) of the Complaint.

To survive a motion to dismiss under Rule 12(b)(6), a civil plaintiff must allege facts that "raise a right to relief above the speculative level." Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Moreover, although Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," such a statement must still "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

### 1. Paragraphs 12(i) and 16(k) of the Complaint

The Court agrees with defendants that paragraphs 12(i) and 16(k) fail to provide defendants with fair notice of which laws defendants are alleged to have violated. See (Def.'s Mot. Dismiss 1–7); Swierkiewicz, 534 U.S. at 512. Plaintiffs do not identify anywhere in the Complaint any specific statutes or even a general statutory scheme that defendants are alleged to have violated; they allege only that defendants have violated "pertinent statutes, ordinances, regulations, and standards." (Compl. ¶¶ 12, 16.) Faced with the vast number of potentially applicable laws, neither defendants nor the Court would know where to begin in evaluating

plaintiffs' claims. Thus, paragraphs 12(i) and 16(k) are dismissed without prejudice to plaintiffs' right to amend those paragraphs of the Complaint within twenty days.

### 2. Count IV of the Complaint

With respect to Count IV of the Complaint, the Court concludes that plaintiffs have alleged sufficient facts to state a claim of recklessness. <u>Iqbal</u>, 556 U.S. at 678. Evaluating recklessness requires an inquiry into a defendant's state of mind — a quintessential question of fact. Accordingly, Federal Rule of Civil Procedure 9(b) requires only that a defendant's state of mind be alleged generally. <u>Id.</u> at 686. The Complaint need only allege facts sufficient to raise a plausible inference of recklessness when viewed in the light most favorable to plaintiffs.

Although plaintiffs do not set out any new factual averments in Count IV, they incorporate all preceding allegations by reference. In doing so, plaintiffs allege, <u>inter alia</u>, that the CSXT train was operated "at an excessive speed in an urban area through a grade crossing used by schoolchildren," a failure "to install adequate pedestrian gates to prevent schoolchildren and other pedestrians from crossing," and a failure "to use adequate active and passive warning devices, warning signs, and pavement markings." (Pl.'s Resp. Def.'s Mot. Dismiss 5.) Considering these averments, and the other factual allegations in the Complaint, in the light most favorable to plaintiffs, the Court concludes that Count IV sufficiently states a claim of recklessness.

### IV. CONCLUSION

For the reasons set forth above, defendants' Motion to Set Aside Default Judgment is granted, and the default judgments entered against them on February 4, 2014 by the Court of Common Pleas of Philadelphia are vacated. Defendants' Motion to Dismiss is granted only insofar as it seeks dismissal of paragraphs 12(i) and 16(k) of the Complaint. Those claims are

dismissed without prejudice to plaintiffs' right to file, within twenty (20) days, an amended complaint if warranted by the facts and applicable law. The Motion to Dismiss is denied in all other respects.

    An appropriate order follows.