IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.K., A MINOR, BY AND THROUGH HIS PARENTS AND NATURAL GUARDIANS, THOMAS KPAKAH AND ESTHER KPAKAH, et al. | : : : : : | CIVIL ACTION |
| v. | : : | |
| CSX TRANSP., INC., et al. | : | NO. 14-729 |

## MEMORANDUM ORDER

AND NOW, this 13th day of March, 2015, upon consideration of plaintiffs' Motion for Reconsideration of the February 25, 2015 Court Order Regarding the Location of the Depositions of Defendants Raymond Lawrence Wash and Michael L. Doyle, Sr. (the "Motion") (Doc. 49), and defendants' response thereto (Doc. 51), and for the reasons explained herein, it is hereby **ORDERED** that the Motion is **DENIED**.

This is an action by plaintiffs against CSX Transportation, Inc. ("CSX") for personal injuries sustained by J.K., a minor, who was struck by a CSX train on July 9, 2013 (Complaint ¶ 10). Plaintiffs also named as defendants Raymond Lawrence Wash, the train's engineer, and Michael L. Doyle, Sr., the train's conductor (Motion ¶ 2). Both Messrs. Wash and Doyle reside in Virginia (Motion ¶ 3). Plaintiffs' demand that Messrs. Wash and Doyle travel to Philadelphia, PA for their depositions, while Messrs. Wash and Doyle request that their depositions take place in Virginia, where they reside and where CSX's principal place of business is located. By order dated February 25, 2015 (Doc. 48), the court ordered that the depositions of these two employees take place in Virginia. The court explained its ruling as follows: "Generally, 'the deposition of a corporate officer or employee should usually take place at the corporation's principal place of business or, as other courts have held, at his place of

business or employment." Philadelphia Indem. Ins. Co. v. Fed. Ins. Co., 215 F.R.D. 492, 495 (E.D. Pa. Apr. 30, 2003). The employees to be deposed reside and are employed in Virginia. Plaintiffs have offered no compelling reason to deviate from this rule." (Doc. 48, ¶ 4.)

A district court has "broad discretion" in determining the location where a deposition is to be conducted. Redland Soccer Club v. Dept. of Army of U.S., 55 F.3d 827, 853 n.17 (3d Cir 1995). In this Motion, plaintiffs alleged that the general rule cited by the court, that employees of a corporate defendant should be deposed where they reside and work, does not apply where they are named as individual defendants, as plaintiffs have done here. This court disagrees. Judges in our District have ordered plaintiffs to take the depositions of named defendants at the location where they reside and work. For example, the Honorable Clarence C. Newcomer wrote that "it is presumed that a defendant will be examined at this residence or at his place of business or employment; if another place is named and defendant files a timely objection. The objection should be sustained absent some unusual circumstance to justify putting the defendant to such inconvenience." Simkins Corp. v. Wahnschaff Corp., 1986 WL 1551, at *1 (E.D. Pa. Jan. 31, 1986) (citations omitted). See also Kennedy v. Jennelle, 1991 WL 24904, at *1 (E.D. Pa. Feb. 22, 1991) (Waldman, J.) (ordering that corporate officer named as defendant be deposed at his place of business, citing the general rule that "the deposition of corporate officer or agent should be taken at the corporation's place of business"); Twardzik v. Sepauley, 286 F.Supp. 346, 350 (E.D. Pa. 1968) (Weiner, J.) (ordering that depositions of defendants take place where they reside, in Shenandoah, Schuylkill County, not Philadelphia, because "it would be oppressive to require all defendants to come to Philadelphia for the purpose of taking their depositions").

Requiring a plaintiff to take the deposition of a corporate employee at the corporation's principal place of business is justified because "[a] defendant neither chooses the cause of action nor the place of its bringing." Sampathachar v. Federal Kemper Life Assur. Co., 2004 WL 2743589, at *2 (E.D. Pa. Nov. 24, 2004) (Sanchez, J.).  As one court has explained:

> "[B]ecause a non-resident defendant ordinarily has no say in selecting a forum, an individual defendant's preference for a situs for his or her deposition near his or her place of residence - as opposed to the judicial district in which the action is being litigated - is typically respected." In re Outsidewall Tire Litig., 267 F.R.D. 466, 471 (E.D. Va. 2010).  Correspondingly, "[i]t is well settled that '[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business,' especially when, as in this case, the corporation is the defendant." Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979); see also Magnus Electronics, Inc. v. Masco Corp. of Indiana, 871 F.2d 626, 630 (7th Cir. 1989); C. Wright, A. Miller, M. Kane & R. Marcus, 8A Fed. Prac. & Proc. Civ. § 2112 (3d ed.) ("The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business.").

Planadeball v. Wyndham Vacation Ownership, 2013 WL 864612, at *1 (D.P.R. March 7, 2013).

Courts have the discretion to deviate from this general rule, "but only where circumstances exist distinguishing the case from the ordinary run of civil cases." Id. at *2 (citations omitted).  As this court previously ruled, plaintiffs have offered no compelling reasons to deviate from this general rule, other than it would be more convenient for plaintiffs and their counsel to have the depositions held in Philadelphia, PA.  This reason alone is not sufficient to justify departure from the normal rule.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge