**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **J.K., a minor by and through his parents and natural guardians, Thomas Kpakah and Esther Kpakah, THOMAS KPAKAH and ESTHER KPAKAH, in their own right,** <br> Plaintiffs, <br><br> v. <br><br> **CSX TRANSPORTATION, RAYMOND LAWRENCE WASH and MICHAEL L. DOYLE, SR.,** <br> Defendants. | **CIVIL ACTION** <br><br><br> **NO.  14-729** |

**DuBois, J.**                                                                                      **June 29, 2015**

## M E M O R A N D U M

### I.        INTRODUCTION

This action arises out of personal injuries sustained by plaintiff J.K., a minor, after he was struck by a CSX Transportation, Inc. ("CSXT") train allegedly operated by defendants Raymond Lawrence Wash and Michael L. Doyle, Sr. at a grade crossing in Darby, Pennsylvania. Presently before the Court are: (1) Plaintiffs' Motion for a Voluntary Dismissal Without Prejudice Under Fed. R. Civ. P. 41(a)(2) ("Motion for a Voluntary Dismissal"); (2) Defendant CSX Transportation Inc.'s Motion to Compel Depositions of Thomas Kpakah, Esther Kpakah and J.K. ("Motion to Compel"); and (3) Defendant CSX Transportation Inc.'s Motion to Enforce the Court's Order of March 9, 2015 and for Entry of the Protective Orders ("Motion to Enforce").

For the reasons set forth below, plaintiffs' Motion for a Voluntary Dismissal is granted, and defendant CSXT's Motion to Compel and Motion to Enforce are denied as moot.

## II.    BACKGROUND

### A.  Factual Background

In the Amended Complaint, plaintiff J.K. and his parents, plaintiffs Thomas and Esther

Kpakah, allege the following facts: On July 9, 2013, J.K., who was eleven years old at the time,

was walking to school when he approached a railroad crossing at the intersection of 6th and Main

Streets in Darby, Pennsylvania. (Am. Compl. ¶ 10.) There were no pedestrian gates at the

intersection. (Id. ¶ 16.) While attempting to walk through the railroad crossing, J.K. was struck

by a CSXT train operated and controlled by Raymond Lawrence Wash and Michael L. Doyle,

Sr. (Id. ¶¶ 6–7, 9–10.) Plaintiffs aver that the train was being operated at an excessive rate of

speed, and that Wash and Doyle failed to adequately warn J.K. of their approach. (Id. ¶ 12.) As a

result of the accident, J.K. suffered severe physical injuries. (Id. ¶ 13.)

### B.  Procedural History

On December 20, 2013, plaintiffs J.K., Thomas Kpakah, and Esther Kpakah, filed suit

against defendants CSXT, Raymond Lawrence Wash, and Michael L. Doyle, Sr. in the Court of

Common Pleas of Philadelphia County, Pennsylvania. On February 3, 2014, defendants timely

filed a Notice of Removal in this Court pursuant to 28 U.S.C. §§ 1441 and 1446.[1] On February 4,

2014, just hours before the Notice of Removal was docketed in this Court by the Clerk's Office,

the Court of Common Pleas of Philadelphia entered three separate default judgments against

defendants. Defendants filed a motion to vacate those default judgments in this Court.

Defendants also separately filed a motion to dismiss plaintiffs' Complaint in which they sought

dismissal of plaintiffs' claims of negligence and recklessness. By Memorandum and Order dated

September 16, 2014, the Court vacated the default judgments entered against defendants by the

---

[1]    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Philadelphia Court of Common Pleas, granted in part and denied in part defendants' motion to dismiss,[2] and allowed the case to proceed. See J.K. ex rel. Kpakah v. CSX Transp., No. 14-729, 2014 WL 4632356, at *1 (E.D. Pa. Sept. 16, 2014).

During the course of discovery, numerous disputes arose between the parties. Those disputes related to, inter alia, plaintiffs' request that the depositions of defendants Wash and Doyle take place in Philadelphia,[3] and defendants' claimed failure to respond to certain of plaintiffs' interrogatories and to produce a videotape of the train collision. The Court referred the disputes to Magistrate Judge Thomas J. Reuter, and he resolved most of the issues.[4] See Orders dated February 25, 2015; March 9, 2015; March 13, 2015.

On June 19, 2015, plaintiffs filed a Motion for a Voluntary Dismissal Without Prejudice Under Fed. R. Civ. P. 41(a)(2). In the Motion, plaintiffs request that the Court dismiss this case without prejudice to allow them to pursue a separate action they recently filed in the Delaware County Court of Common Pleas. See J.K. et al. v. CSX Transportation, Inc. et al., Civil Action No. 2015-004095 (Del. C.P., filed May 6, 2015). The Delaware County case arises out of the

---

[2]     Defendants' motion to dismiss was granted only insofar as defendants sought dismissal of paragraphs 12(i) and 16(k) of the Complaint, which set forth claims of negligence based on various unspecified alleged statutory violations. The Court dismissed those claims without prejudice on the ground that the Complaint failed to provide defendants with fair notice of which laws they were alleged to have violated. On October 3, 2014, plaintiffs timely filed an Amended Complaint in which they sufficiently set forth the basis for those claims. See Orders dated December 3, 2014 (denying defendants' motions to dismiss the Amended Complaint).

[3]     Defendants Raymond Lawrence Wash and Michael L. Doyle, Sr. both reside in Virginia.

[4]     By Order dated March 9, 2015, Magistrate Judge Reuter directed plaintiffs to execute, on or before March 16, 2015, an agreed-upon protective order governing the use of the videotape of the train collision and other confidential and proprietary information belonging to defendant CSXT. To date, plaintiffs have not done so. Plaintiffs' failure to execute an agreed-upon protective order is the subject of defendant's Motion to Enforce the Court's Order of March 9, 2015 and for Entry of the Protective Orders, which is presently pending before the Court and is addressed in Part III.B of this Memorandum.

same train collision at issue in this case and includes the same defendants named in the Amended Complaint and three new defendants: Darby Borough, PennDOT, and the PUC. Plaintiffs contend that the filing of a separate action in the Delaware County Court of Common Pleas was necessary because: (i) they have learned through discovery in this case that Darby Borough, PennDOT, and the PUC — not defendant CSXT — are responsible for the design and installation of pedestrian gates at railroad crossings; and (ii) Darby Borough, a Pennsylvania citizen, cannot be added to this lawsuit because doing so would destroy this Court's diversity jurisdiction.

## III. DISCUSSION

### A. Plaintiffs' Motion for a Voluntary Dismissal Without Prejudice Under Fed. R. Civ. P. 41(a)(2)

The Court first addresses plaintiffs' Motion for a Voluntary Dismissal. Plaintiffs argue that their Motion should be granted because allowing them to proceed against all potentially liable defendants in one action in the Delaware County Court of Common Pleas would avoid the risk of inconsistent verdicts in the two actions. Plaintiffs further contend that defendants will not be substantially prejudiced by the granting of their Motion because the discovery obtained in this case can be used in the Delaware County Court of Common Pleas action. In response, defendants argue that plaintiffs' Motion should be denied because: (i) plaintiffs have not been diligent in bringing their motion to dismiss; (ii) plaintiffs' claims against Darby Borough, PennDOT, and the PUC are not "likely to stand"; (iii) discovery in this action is nearly complete; (iv) defendants have expended considerable effort and incurred significant expenses thus far in the litigation and will incur additional expenses in defending a second action; and (v) plaintiffs are seeking to start over in state court to avoid adverse rulings by this Court. For the reasons that follow, the Court grants plaintiffs' Motion for a Voluntary Dismissal.

### i. Legal Standard

Federal Rule of Civil Procedure 41(a)(2) provides, as relevant here, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." While the decision to dismiss an action pursuant to Rule 41(a)(2) falls within the discretionary power of the Court, <u>Ferguson v. Eakle</u>, 492 F.2d 26, 28-29 (3d Cir. 1974), motions filed under Rule 41(a)(2) should be granted unless dismissal would cause substantial prejudice to the defendant. <u>Miller v. Trans World Airlines, Inc.</u>, 103 F.R.D. 20, 21 (E.D. Pa. 1984). The plain legal prejudice required to deny a motion pursuant to Rule 41(a)(2) must be more than the prospect of a second lawsuit or tactical advantage. <u>See</u> <u>Shulley v. Mileur</u>, 115 F.R.D. 50, 51 (M.D. Pa. 1987) ("[D]ismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.") (citations omitted); <u>Environ Products, Inc. v. Total Containment, Inc.</u>, 1995 WL 459003, at *5 (E.D. Pa. July 31, 1995) ("Plain legal prejudice . . . does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage.") (citations omitted).

In determining whether prejudice is substantial, courts have considered the following factors: "(1) whether the expense of a second litigation would be excessive and duplicative; (2) how much effort and expense has been expended by the defendant in preparing for the current trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in [filing] the motion to dismiss; and (5) whether the attempt at dismissal is designed to evade federal jurisdiction and frustrate the purpose of the removal statute." <u>Peltz v. Sears, Roebuck & Co.</u>, 367 F. Supp. 2d 711, 715 (E.D. Pa. Mar. 8, 2005) (citing <u>Total Containment, Inc. v. Aveda Mfg. Corp.</u>, 1990 WL 290146, at *2 (E.D. Pa. Dec. 7, 1990)).

### ii. Balancing of the Factors

The Court concludes that the balancing of the relevant factors weighs in favor of granting plaintiffs' Motion for a Voluntary Dismissal. The Court considers each factor in turn.

### 1. The expense of a second litigation would not be excessive and duplicative.

Defendants argue that dismissing the case at this stage would impose duplicative and excessive litigation costs because it would allow plaintiffs to "reset the clock" and force defendants to "start again their battle" in state court. (Defs.' Br. Opp'n Pls.' Mot. to Dismiss 9.) The Court disagrees.

First, although the parties have been engaged in discovery in this case for more than eight months, much of defendants' work to date will not be wasted. The evidence obtained in discovery in this case remains relevant and can be utilized in the newly-filed Delaware County action. Moreover, dismissal of this case to allow plaintiffs to pursue their claims against all potentially liable defendants in one action will promote, rather than reduce, efficiencies by avoiding duplicative discovery and separate trials. See, e.g., Parker v. Kelley Corp., No. 92-0294, 1992 WL 184320, at *2 (E.D. Pa. July 23, 1992) ("Both defendant and plaintiffs will no doubt benefit from the reduced expense of proceeding to trial on the same issues in one forum capable of bringing before it all relevant parties.").

In this regard, the Court finds plaintiffs' citation to Krumins v. Southland Corp., No. 94-1006, 1994 WL 396489, at *1 (E.D. Pa. July 26, 1994), to be persuasive. In Krumins, a slip-and-fall case, Judge William H. Yohn was confronted with a situation similar to the one before the Court. In that case, plaintiffs learned through discovery that franchisees of the defendant company were also potentially liable for the injuries they sustained. Those franchisees could not be added to the federal lawsuit because their status as Pennsylvania citizens would have

destroyed the court's diversity jurisdiction. Plaintiffs filed a motion for voluntary dismissal without prejudice under Rule 41(a)(2) in an effort to pursue their claims in separate state court actions against all potentially liable defendants. In considering whether dismissal of the federal action would promote judicial economy, Judge Yohn stated the following:

> The advantage of having the case proceed against all possible defendants in one state court lawsuit is that it will enable all the possible issues concerning liability of the various defendants and the extent of the plaintiffs' injuries to be resolved consistently by one court. By only having one trial, the parties will avoid the duplicitous expense of a second litigation while at the same time promote judicial economy.

Id.

The Court agrees with Judge Yohn's analysis on this issue, and concludes that dismissal of this case will promote judicial economy, rather than impose excessive and duplicative litigation costs upon defendants.

## 2. Defendants have not expended efforts or incurred expenses in preparing for trial sufficient to justify denial of plaintiffs' motion to dismiss.

Defendants next contend that plaintiffs' Motion should be denied because they have expended significant efforts and incurred significant expenses in litigating this case. They argue that this is so because discovery is nearly complete and the parties have engaged in extensive motions practice in this case.

In denying motions to dismiss pursuant to Rule 41(a)(2), courts have pointed to extensive discovery and substantial costs incurred by defendants. See, e.g., Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc., 903 F.2d 352, 361 (5th Cir. 1990) (concluding that the district court did not abuse its discretion in denying plaintiff's motion to dismiss because hearings had been conducted on various issues, one defendant had been granted summary judgment, and significant discovery had occurred); Martinez Cruz v. Lausell, 692 F. Supp. 48, 50 (D.P.R.

1988) (finding that plaintiffs were not entitled to voluntary dismissal without prejudice because the case had been pending for three years and extensive discovery had been undertaken at substantial cost to defendants). Those cases are distinguishable, however, because, as discussed above, defendants' efforts in litigating this case will largely not have been wasted. See Parker, 1992 WL 184320, at *2; Krumins, 1994 WL 396489, at *1.

Thus, the Court concludes that the costs incurred by defendants are not substantial enough to warrant denial of plaintiffs' Motion for a Voluntary Dismissal.

### 3. The current suit has not progressed too far beyond the pleadings.

In analyzing this factor, courts have recognized that "[i]f [a] motion [for voluntary dismissal] is made at an early stage of the case, before much has happened and only limited resources have been invested, it is more likely to be granted." Barron v. Caterpillar, Inc., No. 95-5149, 1996 WL 460086, at *3 (E.D. Pa. Aug. 7, 1996). To the contrary, where a case has advanced to a much later stage, "an especially strong showing is required to warrant voluntary dismissal without prejudice . . . ." Id.; see also Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1972) (describing voluntary dismissal as "an increasingly burdensome matter to one's opponent if a case has been prepared, trial date set and the party and his witnesses on hand and ready for trial"). The Court concludes that this case has not progressed far enough past the pleadings to warrant denial of plaintiffs' Motion for a Voluntary Dismissal.

The parties are presently engaged in fact discovery, which is scheduled to conclude on July 23, 2015. See Amended Scheduling Order dated April 30, 2015. Expert witness discovery is scheduled to conclude on October 22, 2015. Id. Dispositive motions are not scheduled to be filed until on or before November 27, 2015, and the case is not scheduled to be placed on the trial list until April 8, 2016. Id. Under such circumstances, the case has not progressed to a point at which

a dismissal will substantially prejudice defendants. See Krumins, 1994 WL 396489, at *2

(granting a motion for voluntary dismissal under circumstances similar to those present in this

case even though defendant had filed, and the court had ruled on, a motion for summary

judgment). Accordingly, the Court concludes that this factor weighs in favor of granting

plaintiffs' Motion for a Voluntary Dismissal.

### 4. Plaintiffs' delay in filing the motion to dismiss is not sufficient to warrant denial of the motion.

Defendants also assert that they have been prejudiced by plaintiffs' dilatoriness in filing

their Motion for a Voluntary Dismissal. According to defendants, plaintiffs should have known

about the facts giving rise to potential claims against Darby Borough, PennDOT, and the PUC,

as early as November 26, 2014, the date on which defendant CSXT served its answers to

plaintiffs' first set of Interrogatories. (Defs.' Br. Opp'n Pls.' Mot. to Dismiss 6.) Defendants

further contend that "even the most basic research on [p]laintiffs' part would have revealed the

limits of CSXT's responsibility for any of their potential claims." (Id.) The Court is not

persuaded by defendants' arguments.

Plaintiffs have represented to the Court that they did not become aware of the potential

liability of Darby Borough, PennDOT, and the PUC until defendant CSXT denied responsibility

for the design and installation of pedestrian gates at railroad crossings in its answer to plaintiffs'

second set of Interrogatories on February 9, 2015.[5] (Pls.' Mem. Law Supp. Mot. for Voluntary

Dismissal 2.) Even though plaintiffs did not file their Motion for a Voluntary Dismissal until

June 3, 2015, defendants were made aware of plaintiffs' intention to request that this Court

---

[5]     Defendants assert that "plaintiffs have been aware of [d]efendants' position regarding the responsibility for design of grade crossings" since November 26, 2014. However, in reviewing defendants' answers to plaintiffs' first set of Interrogatories, the Court did not find any direct reference to defendants' contention that entities other than CSXT are responsible for determining whether to install pedestrian gates at railroad crossings. (Defs.' Br. Opp'n Pls.' Mot. to Dismiss 6); (Pls.' Mot. Compel, Document No. 39, Ex. B).

dismiss the case without prejudice as early as May 8, 2015.[6] Thus, the delay at issue is one of approximately three to four months.

In considering all of the circumstances, the Court concludes that the facts of this case are closer to those in which courts have found that a similar delay was not substantial enough to warrant the denial of a motion for a voluntary dismissal. See, e.g., Young v. Johnson & Johnson Corp., No. 05-2393, 2005 WL 2886218, at *5 (E.D. Pa. Nov. 2, 2005) (concluding that four-month delay in filing of plaintiffs' motion for a voluntary dismissal did not warrant denial of the motion); cf. Barron, 1996 WL 460086, at *3 (denying a motion for voluntary dismissal where plaintiffs filed the motion after the close of fact discovery; after defendant filed a motion for summary judgment; after the Court conducted a final pretrial conference and granted a motion to bifurcate the liability and damages phases of the trial; and after the parties had filed pretrial memoranda). Thus, the Court concludes that plaintiffs' delay in filing their Motion for a Voluntary Dismissal does not warrant denial of the Motion.

### 5. The attempt at dismissal was not designed to evade federal jurisdiction and frustrate the purpose of the removal statute.

Finally, defendants argue that plaintiffs' Motion for a Voluntary Dismissal amounts to nothing more than "an attempt to escape the rulings of this Court and move this case to what they perceive to be a more favorable state court forum." (Defs.' Br. Opp'n Pls.' Mot. to Dismiss 6–7.) The Court rejects this argument.

---

[6] In a letter dated May 8, 2015, counsel for defendants informed the Court that plaintiffs had filed a new action in the Delaware County Court of Common Pleas arising out of the same train collision at issue in this case, and requested a conference to address the issue. The Court declined to schedule a conference and informed the parties that it would address the issues if and when plaintiffs filed a motion to dismiss the case. A copy of the letter from counsel for defendants dated May 8, 2015, shall be docketed by the Deputy Clerk with the filing of this Memorandum.

In support of their argument, defendants cite cases such as <u>Palmer v. Sec. Nat'l Bank</u>, 2001 U.S. Dist. LEXIS 11473, *1 (E.D. Pa. June 12, 2001). The cases cited by defendants, however, are inapposite. For instance, in <u>Palmer</u>, the Court denied plaintiff's request to voluntarily dismiss the case where he sought dismissal based on "the unfairness of [recent] court orders." <u>Id.</u>, at *3–4. Unlike the plaintiff in <u>Palmer</u>, however, plaintiffs in this case have articulated legitimate reasons for filing their Motion for a Voluntary Dismissal. They have represented to the Court that they are seeking dismissal of this case in order to pursue their claims against all potentially liable defendants in one forum. As discussed above, this is a goal to be desired in that it promotes, rather than discourages, judicial economy. <u>See, e.g.</u>, <u>Krumins</u>, 1994 WL 396489; <u>Parker</u>, 1992 WL 184320. Moreover, even if plaintiffs were to gain a tactical advantage by reason of the dismissal of this case, this is not a sufficient basis on which to deny plaintiffs' Motion for a Voluntary Dismissal. <u>See</u> <u>Environ Products, Inc.</u>, 1995 WL 459003, at *5 ("Plain legal prejudice . . . does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage.").

The Court is similarly unpersuaded by defendants' argument that plaintiffs are seeking to deprive them of their "right to federal jurisdiction by asserting futile claims" against Darby Borough, PennDOT, and the PUC. (Defs.' Br. Opp'n Pls.' Mot. to Dismiss 8.) Defendants contend that plaintiffs' claims against Darby Borough, PennDOT, and the PUC are "not likely to stand" because those entities are protected from liability by governmental immunity and/or plaintiffs' claims are preempted by federal law. (<u>Id.</u>) The Court declines to resolve these issues in the context of the present Motion. Rather, the Court concludes that there is a colorable question as to whether these entities are amenable to suit based on the facts of this case, and that this question is best left to the Delaware County Court of Common Pleas to decide. In short, although

the Court agrees with defendants that "[i]t is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum," Hayden v. Westfield Ins. Co., No. 12-0390, 2013 WL 5781121, at *4 (W.D. Pa. Oct. 25, 2013), aff'd, 586 F. App'x 835 (3d Cir. 2014), the Court does not believe that this is what is sought in this case.

In sum, after balancing all of the relevant factors, the Court concludes that dismissal without prejudice under the circumstances of this case will not substantially prejudice defendants. Accordingly, plaintiffs' Motion for a Voluntary Dismissal is granted, and the case is dismissed without prejudice.

## B. Defendant CSXT's Motion to Compel and Motion to Enforce

Presently before the Court are also two motions filed by defendant CSXT: (1) a Motion to Compel Depositions of Thomas Kpakah, Esther Kpakah and J.K.; and (2) a Motion to Enforce the Court's Order of March 9, 2015 and for Entry of the Protective Orders. Plaintiffs' only basis for opposing these Motions is that further discovery in this case should not proceed in light of their Motion for a Voluntary Dismissal. Because the Court has granted plaintiffs' Motion for a Voluntary Dismissal and has dismissed this case without prejudice, defendant CSXT's Motion to Compel and Motion to Enforce are denied as moot.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' Motion for a Voluntary Dismissal is granted, and defendant CSXT's Motion to Compel and Motion to Enforce are denied as moot. An appropriate order follows.